# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KINZA ABDUL-SALAAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18 CV 1547 DDN |
| | ) | |
| TRANS STATES AIRLINES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER APPOINTING PRO BONO COUNSEL

This matter is before the Court on the motions of defendant Trans States Airlines, LLC, to dismiss (Doc. 12) and that of plaintiff Kinza Abdul-Salaam to transfer the case (Doc. 16). Both parties have consented to the exercise of plenary authority by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## BACKGROUND

Plaintiff alleges the following facts in her complaint. Plaintiff is an African American female and was employed as a flight attendant for Trans States Airlines. She alleges four instances of adverse employment actions due to her race, color, and gender. First, in March 2016, a Caucasian co-worker reported that the plaintiff carried an unaccompanied minor and disabled passenger on board the aircraft prior to pre-flight. Plaintiff refuted the report to management and requested a full investigation. No investigation occurred, but plaintiff was suspended for three days without pay.

In August 2016, a Caucasian United Airlines gate agent and a Caucasian supervisor alleged that plaintiff was rude to a gate agent in Tampa, Florida. Plaintiff contested these allegations and prepared a detailed written statement, claiming and providing evidence that she instead had filed a complaint against the gate agent.

Plaintiff's allegations were ignored and only the reports filed by the two Caucasians were considered. This resulted in a 7-day suspension of plaintiff.

Third, plaintiff claims she was falsely accused by defendant Trans States Airlines of flying while ill on August 7, 2016. Plaintiff contested this allegation, stating she proved it was false, but she was ignored and again suspended for seven days without pay.

On October 4, 2016, plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights (MCHR) and the Equal Employment Opportunity Commission (EEOC) against the defendant. Later that month, plaintiff lost the opportunity for a four-day, job-related trip scheduled in December 2016. Plaintiff was told this was because a passenger had complained, on a flight where the other two crew members were Caucasian males. Plaintiff claims that she, the captain, and the first officer had all filed inflight trip reports, but she was the only one removed from the upcoming trip. She claims that her wages had to be refunded based solely on the two reports of the Caucasian, male crew members. Plaintiff also claims that on October 13, 2016, she complained in a trip report that Trans States Airlines was disregarding federal regulations regarding carry-on baggage.

On May 31, 2018, the EEOC issued plaintiff a right-to-sue letter. The notice states that plaintiff had 90 days from the receipt of the notice to file the lawsuit. On June 22, 2018, the MCHR also issued a notice of right to sue, with a 90 day window to file a lawsuit based on the mailing date. On September 14, 2018, plaintiff filed her judicial complaint with this District Court. Defendant filed a motion to dismiss, claiming that plaintiff's complaint was filed out of time.

At this Court's request, at a status conference on January 7, 2019, plaintiff submitted a docket sheet from the U.S. District Court for the District of Maryland, Case No. 8:18 CV 2688, which indicated plaintiff originally filed her claims against defendant in that court on August 29, 2018. (Doc. 21). The complaint in that case raised the same Title VII and Missouri law claims of discrimination and retaliation and wrongful termination, based on the same factual allegations plaintiff alleges in this Court. *Salaam v. Transstates Airlines,* No. 8:18 CV 2688 (D. Md. 2018) (Doc. 1). The Maryland case

was dismissed without prejudice on October 10, 2018, for failure to either pay the filing fee or file a motion to proceed in forma pauperis. (*Id.* at Doc. 3).

Plaintiff's motion to transfer seeks to move the case commenced in this Court to the U.S. District Court for the District of Maryland. Her motion asserts that she "originally filed with the EEOC of Maryland and was asked by Transstates to allow my case to be transferred to St. Louis, MO, with the understanding that they would pay for my accommodations. They, however, reneged on this and allowed for only one day travel to EEOC hearing." (Doc. 16). She further asserts that it would be a financial hardship to prosecute her case in this Court, as she does not have the funds to fly or pay for hotels. (Doc. 16). At the hearing, plaintiff and defendant clarified that the request to litigate in St. Louis was only for an EEOC mediation and not the judicial action. Defendant argues that it is not subject to personal jurisdiction in Maryland and that plaintiff has not established the required basis for transfer.

During the status conference of January 7, 2019, the parties agreed that plaintiff's employment with defendant required her to fly out of Dulles International Airport, in the Eastern District of Virginia.

## **DISCUSSION**

The Court has reviewed the case file, the parties' arguments, and plaintiff's case in Maryland, and it appears that the just litigation of this action will benefit from the appointment of counsel to represent plaintiff, who is presently proceeding pro se. The facts are complex, with possible time permutations very close to the 90-day filing deadline, and events occurring in multiple states. Although plaintiff has not requested counsel, the Court has broad discretion to decide whether to appoint counsel for an indigent civil litigant, "taking into account the factual and legal complexity of the case, the absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present [her] claim." *Davis v. Scott*, 94 F.3d 444, 477 (8th Cir. 1996). Plaintiff has been granted leave to proceed in forma pauperis.

For the reasons discussed above,

**IT IS HEREBY ORDERED** that the Clerk of Court is directed to appoint plaintiff counsel from the panel pursuant to the Plan for the Appointment of Pro Bono Counsel. A separate Notice of Appointment of Pro Bono Counsel shall be entered by the Clerk.

Appointed counsel is advised that all applications for disbursement of funds from the Eastern District's Attorney Admission Fee Non-Appropriated Fund are governed by Local Rules 12.03 and 12.06; by the July 13, 2017 Administrative Order concerning the Attorney Admission Fee Non-Appropriated Fund; and by the Regulations Governing the Disbursement of Funds from the Non-Appropriated Fund for Attorney's Fees and Out-Of-Pocket Expenses Incurred in Civil and Bankruptcy Proceedings. The order, regulations, and a request form for compensation and expenses can be obtained from the Court's Internet website, www.moed.uscourts.gov.

**IT IS FURTHER ORDERED** that appointed counsel can access the complete court file in this matter on the Court's CM/ECF system.

/s/     David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on February 12, 2019.